**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA GARCIA; ANTONIO POMPA AYON, On behalf of themselves and a class of others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>SUN PACIFIC FARMING COOPERATIVE, INC., A California corporation; SUN PACIFIC FARMING CO., Form Unknown,<br><br>        Defendants - Appellees. | No. 08-16815<br><br>D.C. No. 1:06-cv-00871-LJO-TAG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 4, 2009
Stanford, California

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.

Sandra Garcia and Antonio Pompa Ayon, two former employees of Sun

Pacific Farming Cooperative, Inc. ("Sun Pacific"), appeal from the district court's

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

denial of their motion for class certification. Garcia and Ayon seek to certify a class of Sun Pacific agricultural workers alleging various wage and hour violations under federal and state law. Because Garcia and Ayon have not met the requirements of commonality and typicality under Federal Rule of Civil Procedure 23(a), we affirm.

As the district court explained, the record evidence–in particular, the conflicting employee declarations submitted by each party–does not establish common wage and hour practices at Sun Pacific, but rather the "[in]consistent application of the wage and hour laws between and among the various [work] Crews." Garcia and Ayon thus failed to demonstrate that proposed class members "share[] legal issues with divergent factual predicates" or a "common core of salient facts coupled with disparate legal remedies." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Similarly, the evidence at best showed that Garcia and Ayon's practice claims were typical–or "reasonably co-extensive," id. at 1020–with only *some* of the proposed class members, but *a*typical of others. It was well within the district court's discretion to deny class certification on this basis. Although Garcia and Ayon also argue they established commonality and typicality based on certain Sun Pacific policies–such as the speed limit on company property–those arguments were never raised before the district court and are

2

therefore waived. <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 515 (9th Cir. 1992).

The district court also did not abuse its discretion in refusing to certify subclasses as to particular alleged violations, such as the requirement that workers wash their bins at home without pay, because Garcia and Ayon failed to request partial certification on these issues. The district court is under no obligation to reach the issue of partial certification sua sponte. <u>See</u> <u>Lozano v. AT&T Wireless Servs., Inc.</u>, 504 F.3d 718, 729-30 (9th Cir. 2007).

Finally, the district court did not abuse its discretion in refusing to reopen discovery so that Garcia and Ayon could depose workers who submitted declarations on Sun Pacific's behalf. Garcia and Ayon argue that additional discovery was warranted because one of Sun Pacific's declarants recanted her previous testimony. However, as noted by the district court, there was "no evidence . . . that defense counsel's conduct [in preparing the employee's declaration] was improper." Thus, further discovery was not necessary to resolve the issue of class certification. <u>See</u> <u>Kamm v. Cal. City Dev. Co.</u>, 509 F.2d 205, 209-10 (9th Cir. 1975).

**AFFIRMED.**